IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYSON IMKAH BAKER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SCOTT CROW, )<br>)<br>Respondent. ) | Case No. CIV-22-192-SLP |

**O R D E R**

In this habeas corpus action brought pursuant to 28 U.S.C. § 2254, Petitioner, appearing pro se, challenges his state court conviction in Case No. CF-2013-577, District Court of Cleveland County, State of Oklahoma. Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered June 2, 2022 [Doc. No. 9] (R&R). Judge Mitchell recommends dismissing the Petition on screening under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, finding the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) and (C).

Petitioner has filed an objection to the R&R. *See* Petitioner's Obj. [Doc. No. 14]. The Court, therefore, must make a de novo determination of the portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

On de novo review, the Court concurs with the analysis set forth in the R&R. As the Magistrate Judge found, Petitioner's claims are untimely under § 2244(d)(1)(A) as his conviction became final on May 29, 2017 and the limitations period expired one year later on May 30, 2018. R&R at 7-8. The instant Petition, filed nearly four years later in March 2022, is untimely. The Magistrate Judge considered statutory tolling of the limitations period, *see* 28 U.S.C. § 2244(d)(2), which extended his deadline to file a habeas petition until September 20, 2018. See R&R at 12-13. But even with statutory tolling the Magistrate Judge properly concluded the Petition is untimely. Petitioner does not challenge this finding in his Objection.

Moreover, the *McGirt* decision[1] did not recognize a new constitutional right. Accordingly, Petitioner cannot rely on § 2244(d)(1)(C) as the triggering date for the statute of limitations. *See* R&R at 8-10 (citing cases). Again, Petitioner does not challenge this finding.

Nor can Petitioner rely on § 2244(d)(1)(D) as a basis to extend the limitations period. As set forth in the R&R, Petitioner knew his status as a "Native American and Tribal member" and thus, either knew, or could have known these facts with the exercise of due diligence at the time of his convictions. *See* R&R at 10-12. Petitioner does not challenge these findings.

Instead, Petitioner appears to argue that there was a state-created impediment to timely filing his habeas petition because he was denied access to the law library at his place

---

[1] *McGirt v. Oklahoma*, -- U.S. --, 140 S.Ct. 2452 (2020).

of incarceration. *See* 28 U.S.C. § 2244(d)(1)(B); *see also Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) (recognizing that a review of Tenth Circuit case law "shows 28 U.S.C. § 2244(d)(1)(B) typically applies when the state thwart's a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library"). In his Objection, Petitioner states that "during the time of his incarceration" he was "never called to the Law Library," there were "mostly lock down restrictions" and if a request for legal assistance were made, "you never saw those requests again." *Id*. at 1. Petitioner further states "[y]ou had to trust correctional guards to get your paper work," "[l]aw clerks were unavailable to assist filing or preparing documents, and getting forms" and he could not conduct legal research. *Id*. at 1-2. He also states that he was "not even fortunate in having a jailhouse lawyer" to assist him. *Id*. at 2.

In order for § 2244(d)(1)(B) to apply, the state-court impediment must have actually prevented a prisoner from timely filing a habeas petition. Here, Petitioner's conviction became final in 2017. Petitioner fails to identify with any specificity when the alleged restrictions regarding access to a law library or legal assistance were in place, or how he was prevented from timely filing. Nor does he explain when or whether those restrictions were removed. Certainly, he has not been impeded in the filing of his Objection. Petitioner's general allegations of a state-created impediment are insufficient to trigger application of § 2244(d)(1)(B). *See, e.g., Garcia v. Hatch*, 343 F. App'x 316, 318 (10th Cir. 2009) (addressing need for specificity when alleging lack of access to a library or legal assistance as grounds for utilizing § 2244(d)(1)(B) as basis for calculating one-year

limitations period).[2]

Petitioner further challenges the Magistrate Judge's screening of the Petition under Rule 4 of the Rules Governing Section 2254 Cases. He contends the statute of limitations is an affirmative defense and it was improper for the Court to raise the issue sua sponte. However, as part of its preliminary review of a habeas petition under Rule 4, a district court may consider, sua sponte, the timeliness of the petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006). And Petitioner has been afforded notice and an opportunity to present his position on the issue of timeliness through the filing of his Objection. *Id*. at 210. Under these circumstances, it is not improper for the Court to sua sponte consider the issue of timeliness.

Finally, Petitioner argues, in a number of alternative ways, that AEDPA's statute of limitations does not apply because the state court lacked subject matter jurisdiction and his conviction is "void ab initio." But that argument is "meritless . . . because a habeas claim predicated on a convicting court's lack of subject matter jurisdiction 'is subject to dismissal for untimeliness.'" *Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602 at *2 (10th Cir. July 12, 2022) (quoting *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011)); *see also Hill v. Nunn*, No. 22-6042, 2022 WL 2154997 at *1 (10th Cir. June 15, 2022) (accord).

Upon de novo review, and having considered the issues raised in Petitioner's Objection, the Court fully concurs with the analysis of the Magistrate Judge.

---

[2] The Magistrate Judge also found Petitioner was not entitled to equitable tolling of the limitations period and that the actual innocence exception does not apply. The Court concurs with the Magistrate Judge's analysis. *See* R&R at 13-16. Regardless, Petitioner has not challenged these findings and has waived any objection to the same.

4

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED WITH PREJUDICE as untimely.  A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the Petition is time-barred and that Petitioner has not demonstrated any circumstances excusing the untimeliness of his Petition.  The Court therefore denies a COA.

IT IS SO ORDERED this 18th day of July, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

5